By the Court,

Nelson, J.
Before the revised statutes the personal property of a defendant was bound from the time of the delivery of the execution against him to the sheriff, and the officer had a right to pursue and take possession of it, although it was afterwards sold and in the hands even of a bona fide purchaser. 2 Tidd, 914, 18, 20. 12 Johns. R. 403. 16 id. 288. At common law the property was bound by relation from the teste of the writ, and a bona fide purchaser for a Valuable consideration subsequent to such teste could not hold it. To remedy the evil and injustice which frequently happened under this rule, the 29th Charles 2, ch. 3, § 16, was passed, which enacted that “no writ offi. fa. or other writ of execution shall bind the property of the goods of the party against whom such writ of execution is sued forth, but from the time that such writ shall be delivered to the sheriff &c. Our statute, 1 R. L. 501, § 6, is substantially a copy of this act, and the construction of it and practice under it the same. If the law stood thus, no question as to the right of property could have arisen in this case. By the revised statutes, 2 R. S. 366, § 17, it is provided that “the title of any purchaser in good faith, of any goods or chatties acquired prior to the actual levy of any execution, without notice of such execution being issued, shall not be divested by the fact that such execution had been delivered to an officer, to be executed before such purchase was made.” Since this statute, a bona fide purchaser of the property for a valuable consideration, at any time before the levy 3nd without notice of the execution being issued, will acquire a complete title to it; and the question in this case must turn upon the validity of the levy actually made, assuming, as I shall, that the purchase was of the character above described.
We are of opinion, upon a view of the law as it stood before the revised statutes on this subject, and in order to determine the rights of all parties interested, by fixed and settled principles, as far forth as can be done consistent with these statutes, as well as to enable public officers to understand their duties, that the soundest construction to be given to them will be, to hold that any levy which in law is valid as against the defendant in the execution, and will justify a sale under it, will operate to defeat a subsequent purchase, though bonafide and for a valuable consideration. As we have already seen, the -mere delivery of the writ to the sheriff heretofore had that effect. Now there must *553 be an actual levy; but the statute uses this term as known and understood in the law, and means such a levy as is required before the property can be sold.
*There are cases in this court in which it is decided that an unreasonable delay in completing an execution by the sheriff, at the instance of the plaintiff, or if for a great length of time without, will have the effect to postpone such dormant process to the process of a more vigilant junior creditor, and, as a consequence, to the title of a subsequent bona fide purchaser for a valuable consideration. 5 Cowen, 390. 4 Wendell, 334. These cases, however, show that leaving the property in possession of the defendant for a reasonable time, and without any improper motive, after the levy, is not per se fraudulent, but the rights of the plaintiff and officer remain in full vigor. There is nothing then, in this case, in the fact of the flour being temporarily left in the possession of the defendant in the execution, which would go to impair the rights of the defendants. Was there any thing in the manner of the levy which should have that effect ? Every step was taken and act done that was necessary to constitute an actual levy within the strongest and most particular cases on this subject. The property was all inspected by the officer and an inventory taken of it on the seventeenth day of October, and exclusive possession followed on the morning of the nineteenth, by locking up the mill. The deputy accounts for his absence until'the evening of the eighteenth, by showing that he was engaged in official business, as a magistrate, at home, at the distance of nine miles from the place of the levy. Now it is true that the deputy, when he levied, did not make a public avowal of it, and that one or both of the defendants desired he should not do so, as they were in expectation of an arrangement with Knapp, and did not wish to injure his credit if it took place. I am free to concede, if after this there had been an unreasonable delay in enforcing the collection of the debt under the execution, that within the rule of the cases above cited, it would have become dormant, and the title under it postponed to the claims of bona fide purchasers ; but I cannot admit that this omission of the officer, whether directed or not at the time of the levy, was per se fraudulent. It would be introducing into the execution of this process a new rule, that must place the validity of a levy in every case upon debatable ground; *it would be putting it as well upon the degree of publicity given to acts done, as to the acts themselves. In England the sheriff takes actual possession of the goods upon the levy, by means of one of his assistants, 1 Archbold, 293; but here the officer is not presumed to have any attendant, and his own endorsement upon the writ is frequently the only evidence in his power of the levy. It must often be made without any one being present but the officer, and circumstances may sometimes even justify a premeditated concealment for a time from the defendant in the execution, to prevent Waste or removal of the property until it can be secured. If a party should stand by and see the property purchased, after the levy, without making it known, a different question would arise, subject to other considerations and principles. All I mean to say is, that the mere circumstance of the officer’s omitting to proclaim or give notoriety to his levy at the time it is made, is not of itself fraudulent so as to impair its effect. Any other rule would put it in the power of the defendant in the execution, under the revised statutes, greatly to embarrass, if not defeat this process, unless possession immediately followed. He could always sell to a bona fide purchaser as soon as he knew of the levy, and be himself the witness to establish the absence of its notoriety, leaving the officer to defend himself in the best way he could.
New trial granted.